## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODNEY HARRIS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-20-1500 |
| WARDEN | * | |
| Defendant | * | |

*****

## MEMORANDUM OPINION

Rodney Harris was sentenced to thirty-five years of incarceration for manslaughter and first-degree assault involving an attack on his pregnant girlfriend and the stillborn birth of the fetus. *State v. Harris*, Case 119035015 (Cir. Ct. Balt. City).[1] ECF 3; casesearch.courts.state.md.[2]

On June 5, 2020, Harris filed this action, alleging "libel, slander, defamation of character, mental anguish, yellow journalism, derivative, devolve, emotional distress, personal negligence, malpractice of justice, amendment violations the list can go on" with little or no explanation. ECF 1 at 1. On June 15, 2020, the court granted Harris twenty-eight days to supplement the complaint to specify what federal laws or constitutional provisions he was alleging were violated, the names of an individual or individuals responsible for the alleged wrongdoing, the dates of the alleged incidents, facts to support his claims, and what relief he was seeking.

On June 22 and 26, 2020, Harris submitted supplements to his initial filing and a motion to proceed in forma pauperis. ECF 3, 4, 5. As Harris demonstrates he is indigent, he will be granted

---

[1] *See also* https://www.wmar2news.com (visited September 29, 2020).

[2] On June 18, 2020, the court dismissed without prejudice Harris's petition for a writ of habeas corpus challenging these convictions because he had not exhausted his claims. *See Harris v. Warden*, Civil Action No. CCB-20-529 (D. Md. 2020). Harris's constitutional challenges to his convictions are not properly brought in a § 1983 proceeding.

leave to proceed in forma pauperis. In his supplement, Harris asserts that his sentence was "illegally exploited" in the media by Baltimore City State's Attorney Marilyn Mosby, subjecting him to defamation, slander, and libel in the community because he has been portrayed as a child molester, a violent offender, and an abuser of women, causing him to be scorned in the community. ECF 3 at 3. He names Judge Charles H. Dorsey, his trial counsel Roland S. Harris, Esq., Assistant State's Attorney Mark Jaskulski,  State's Attorney Marilyn Mosby, Ms. S. Davis (the victim in the crime), the Johns Hopkins Medical Examiner, and two news stations, as the parties he seeks to hold liable in this action.[3] *Id.* at 7; ECF No. 5 at 3-4.

Harris claims his First Amendment rights were abridged because the prosecutor and the news media violated his "right to answer their accusations with a formal interview or to present his side of the controversy." ECF 3 at 5. He claims, without factual support, that warrants for his arrest and to search his property were void. Specifically, he appears to claim that the seizure of his cell phone pursuant to the execution of the warrant violated the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and he asserts the evidence in his criminal case "left uncertainty as to whether the warrant was actually based upon oath or affirmation as required by the constitution." *Id.* at 3–5, 9, 11.

As best as can be discerned, Harris's claims are based largely on assertions made during or about his trial. *Id.* As relief, Harris seeks the cell phone that was "illegally robbed" from him, $300,000 in compensation for "illegally exploiting my case," and to bring criminal charges against the "mother of the fetus."[4] ECF 3 at 7, 17, 19; ECF 5 at 1.

---

[3] The Clerk is directed to adjust the docket to reflect the names of these additional defendants.
[4] Harris, as a private citizen "has no judicially cognizable interest" in the criminal prosecution of another. *Otero v. United States Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

2

# I.     Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The complaint of a self-represented plaintiff must be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction does not mean a district court can ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990).

This complaint was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any case when it determines that the action "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

# II.     Discussion

Harris alleges the Defendants have violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments. The court assumes that he is attempting to state a claim under 42 U.S.C. § 1983 for violation of his federal constitutional rights, thus providing a basis for federal question jurisdiction, but he fails to state a claim with respect to any of these constitutional provisions. The court will address each claim in turn.

## A.     *First Amendment Free Speech Claim*

Harris asserts that his First Amendment rights were abridged because he was denied his

"right to answer [the state's] accusations with a formal interview or to present his side of the controversy." ECF 3 at 5. The Free Speech Clause of the First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech, or of the press[.]" U.S. Const. amend. I. But "the Free Speech Clause prohibits only *governmental* abridgement of speech. The Free Speech Clause does not prohibit *private* abridgement of speech." *Manhattan Comm. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (emphasis in original); *see also* 42 U.S.C. § 1983 (providing a cause of action for the deprivation of civil rights only against those acting "under color" of state law). Harris's desire to obtain an interview with various news outlets to counter the state's allegations must fail, therefore, because the news stations which he seeks to hold liable are not state actors. Further, the First Amendment does not guarantee a defendant or a convicted person the affirmative right to a formal interview with the media. *Cf. Pell v. Procunier*, 417 U.S. 817, 821–22 (1974) ("[T]he constitutional right of free speech has never been thought to embrace a right to require a journalist or any other citizen to listen to a person's views, let alone a right to require a publisher to publish those views in his newspaper."). Thus, Harris has failed to state a valid First Amendment claim.

### B.    *Fourth Amendment Illegal Search and Seizure Claim*

Harris alleges that his cell phone was "illegally and unlawfully seized by officers of the government" because the search warrant pursuant to which it was seized was issued in violation of the Fourth Amendment.[5] ECF 3 at 11. The Constitution mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ." U.S. Const. amend. IV. While

---

[5] Harris also alleges this action is in violation of "Title 2, Section 25 of the National Prohibition Act." ECF 3 at 9. To the extent this a reference to the National Prohibition Act of 1919, these allegations are not actionable because this act was effectively repealed by the Twenty-First Amendment. *See Case v. Alderson*, 76 F.2d 25, 26 (4th Cir. 1935).  Further, to the extent that Harris is attempting to raise a *Bivens* claim, the court notes that Harris does not name any federal officials as required to invoke *Bivens. See Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006) ("The first factor counseling hesitation is that defendants' actions are not 'fairly attributable' to the federal government.") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Harris clearly wishes to challenge the sufficiency of the warrant that led to his arrest, he provides only conclusory assertions related to this claim, stating that the evidence in his criminal case "left uncertainty as to whether the warrant was actually based upon oath or affirmation as required by the constitution." ECF 3 at 9. However, his complaint and supplemental materials are devoid of supporting facts that would properly call into question the veracity or sufficiency of any affidavit upon which the warrant issued. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978) (noting that warrants have a presumption of validity and any attack thereupon "must be more than conclusory and must be supported by more than a mere desire to cross-examine"); *see also United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017). Accordingly, Harris has also failed to state a valid Fourth Amendment claim.

C.      *Fifth Amendment Due Process and Takings Claim*

Harris also appears to allege that the seizure of his cell phone violated his Fifth Amendment right to due process of law. ECF 3 at 11. But the Fifth Amendment's Due Process Clause only "prohibits the United States"—and not "the States"—"from depriving any person of property without 'due process of law.'" *See Dusenbery v. United States,* 534 U.S. 161, 167 (2002). In this case, Harris names no federal defendant and his allegations are not directed against any federal officials. And to the extent that Harris's Fifth Amendment claim could be construed as a takings claim, the court notes that when law enforcement officials exercise their authority to "seize [or] impound [property] . . . or otherwise enforce criminal law," law enforcement exercises its police power and thus has not engaged in a constitutional taking. *See Patty v. United States*, 136 Fed. Cl. 211, 214, 215–16 (Fed. Cl. 2018) (noting that law enforcement uses its police power without implicating the Fifth Amendment when it seizes property to be used as evidence in a criminal prosecution). Harris has not alleged that the government seized his property for any purpose other

5

than in its law enforcement capacity. Consequently, Harris has failed to state a valid claim under the Fifth Amendment.

### D.       Fourteenth Amendment Due Process Claim

Harris lists the Fourteenth Amendment as one "that entitles that [his] property shall be secured." ECF 3 at 11. The court construes this allegation as a due process claim, which like the Fifth Amendment claim above, relates to the seizure of his cell phone. The Fourteenth Amendment provides that no state shall deprive any person of property without due process of law. U.S. Const. amend. XIV. In this case, Harris's due process claim is predicated on his Fourth Amendment claim: because the contested search was conducted without a valid warrant, he argues, his property was illegally seized. ECF 3 at 9. Because the court has already determined that Harris has failed to state a Fourth Amendment claim, his Fourteenth Amendment claim necessarily fails as well. Additionally, when law enforcement officers seize property pursuant to a valid warrant, due process requires adequate notice—specifically, that law enforcement "take reasonable steps to give notice that the property has been taken so the owner can pursue available remedies for its return." *City of West Covina v. Perkins*, 525 U.S. 234, 240 (1999). In this case, Harris presents no allegations that he lacked any required procedural protection, such as notice.  Therefore, Harris has also failed to state a due process claim under the Fourteenth Amendment.

### E.       Attack on Convictions

Harris also appears to challenge his convictions in this action. Harris's conclusory assertion that unspecified evidence left uncertain whether the arrest and search warrants issued in his criminal case were valid, represents a clear attempt to attack his convictions.[6] But, as this court

---

[6]  Harris's request for damages implicates the holding announced by the Supreme Court in *Heck v. Humphrey*, barring certain types of claims for damages in a § 1983 proceeding.  *Heck*, 512 U. S. 477, 486–87 (1994); *see Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 391 (4th Cir. 2014) ("*Heck* held that a prisoner may not file suit under § 1983 as long as a § 1983 judgment in his favor would imply the invalidity of his criminal conviction."). Claims

has explained previously to Harris, he may not challenge his convictions in a § 1983 proceeding. ECF No. 3.

> F.    *State Law Claims*

Harris's remaining claims—for negligence, defamation, libel, and slander—arise under state law.  A district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. §1367(c)(3). When, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction. *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966)). In this case, the court has dismissed the claims arising under federal law, and— because Harris is a citizen of the same state as all named defendants—no diversity jurisdiction exists. The court declines to exercise supplemental jurisdiction over Harris's remaining state law claims and will dismiss those claims without prejudice.

## III.    Conclusion

For the reasons stated herein, the court will dismiss Harris's federal claims without prejudice for failure to state a claim upon which relief may be granted. The court will also decline to exercise supplemental jurisdiction over Harris's state law claims and will dismiss those claims without prejudice. Harris is advised that under 28 U.S.C. § 1915(g) this dismissal for failure to state a claim counts as one of only three such actions permitted before he must demonstrate extraordinary circumstances in order to be exempted from paying filing fees. A separate order

---

challenging the legality of a conviction are not cognizable in an action under 42 U.S.C. § 1983 unless and until the conviction is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.  *Heck,* 512 U.S. at 489.

follows.

| | |
|---|---|
| _12/4/2020_ | _/s/_ |
| Date | Catherine C. Blake |
| | United States District Judge |